**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 26 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AZBILEG SHURA; et al., | No. 09-70030 |
| | 10-73768 |
| Petitioners, | |
| | Agency Nos. A098-838-000 |
| v. | A098-838-001 |
| | A098-838-002 |
| ERIC H. HOLDER, Jr., Attorney General, | |
| | |
| Respondent. | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

In these consolidated cases, Azbileg Shura and his family, natives and

citizens of Mongolia, petition for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from the immigration judge's ("IJ") decision

denying their applications for asylum, withholding of removal, and relief under the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"), and of the BIA's order denying their motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, applying the new standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We grant the petition for review in No. 09-70030 and remand, and we dismiss the petition for review in No. 10-73768.

There is no inconsistency between Shura's documentary evidence and his testimony with respect to the year that the Healthy Society Citizen's Movement started. *See Morgan v. Mukasey*, 529 F.3d 1202, 1209 (9th Cir. 2008) (no inconsistency between application and testimony). In addition, the discrepancy regarding the date which Shura became Secretary of the Healthy Society Citizen's Movement is a trivial inconsistency that has no bearing on Shura's credibility. *See Ren v. Holder,* 648 F.3d 1079*,* 1085-86 (9th Cir. 2011) ("minor discrepancies in dates that...cannot be viewed as attempts by the applicant to enhance his claims of persecution have no bearing on credibility"). Finally, considering the "totality of the circumstances," the last inconsistency the IJ cited appears to be an "innocent mistake." *See id.* at 1087. Therefore, substantial evidence does not support the agency's adverse credibility finding. *See id.* at 1089. Accordingly, we remand Shura's asylum, withholding of removal, and CAT claims, on an open record, for

further proceedings consistent with this disposition. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1096 (9th Cir. 2009); *INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

In light of our above conclusion, we dismiss as moot Shura's challenge to the BIA's denial of his motion to reopen.

**No. 09-70030: PETITION FOR REVIEW GRANTED; REMANDED.**

**No. 10-73768: PETITION FOR REVIEW DISMISSED.**